Filing # 41092395 E-Filed 05/04/2016 04:20:06 PM

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:

DIVISION:

DOUGLAS BRACE and
MICHELLE PERRY,

     Plaintiffs,

vs.

IRENA BUKSAR, an individual, JAN PETER
BUKSAR, an individual, and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY, an insurance corporation,

     Defendants.
_____/

## COMPLAINT

Plaintiffs, DOUGLAS BRACE and MICHELLE PERRY, by and through their undersigned attorney, hereby sue Defendants, **IRENA BUKSAR, an individual, JAN PETER BUKSAR, an individual, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an insurance corporation**, and allege:

  1.  This is an action seeking damages in excess of $15,000, exclusive of costs, interest and attorney's fees.

  2.  Plaintiff, DOUGLAS BRACE, was a resident of St. Johns County, Florida, at the time of the subject motor vehicle crash.

  3.  Plaintiff, MICHELLE PERRY, was a resident of St. Johns County, Florida, at the time of the subject motor vehicle crash.

  4.  Upon information and belief, at all times material hereto, Defendant, IRENA

BUKSAR, was a resident of Palm Coast, Flagler County, Florida.

5. Upon information and belief, at all times material hereto, Defendant, JAN PETER BUKSAR, was a resident of Palm Coast, Flagler County, Florida.

6. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereafter "State Farm") is an insurance corporation which at all times relevant hereto was authorized to and doing business in St. Johns County, Florida.

## COUNT I
## DOUGLAS BRACE v. IRENA BUKSAR

7. The Plaintiff, DOUGLAS BRACE, pursuant to Rule 1.130(b) Fla. R.Civ.P, hereby incorporates paragraphs 1 - 4 as though fully pled in Count I.

8. Defendant, IRENA BUKSAR, was an owner of a motor vehicle on December 17, 2014, operated with her knowledge and/or consent by Defendant, JAN PETER BUKSAR.

9. Defendant, IRENA BUKSAR allowed JAN PETER BUKSAR, to operate and/or maintain a motor vehicle on or about December 17, 2014, at approximately 3:45 p.m., in St. Augustine, St. Johns County, Florida, when it collided with the vehicle Plaintiff, DOUGLAS BRACE, was operating.

10. The Defendant, IRENA BUKSAR, owed other people traveling in the area, including the Plaintiff, the duty to exercise reasonable care in the ownership, operation and/or maintenance of the motor vehicle so as to avoid foreseeable risk of causing property damage to the Plaintiff's vehicle.

11. The Defendant, IRENA BUKSAR, is liable for the negligence of JAN PETER BUKSAR, due to the dangerous instrumentality doctrine.

12. The Defendant, IRENA BUKSAR, knew, or in the exercise of reasonable care, should have known, that JAN PETER BUKSAR's failure to exercise reasonable care in the operation and/or

maintenance of the motor vehicle could lead to foreseeable property damage to Plaintiff, DOUGLAS BRACE's vehicle.

13. As a direct and proximate cause of Defendant, IRENA BUKSAR's negligence due to the dangerous instrumentality doctrine, Plaintiff, DOUGLAS BRACE's automobile was damaged, he lost or will lose the use of it during the period required for its repair or replacement and he has suffered diminution in value of his vehicle.

**WHEREFORE**, Plaintiff, DOUGLAS BRACE, demands judgment against Defendant, IRENE BUKSAR, for these property damages in an amount in excess of $15,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

### COUNT II
### DOUGLAS BRACE v. JAN PETER BUKSAR

14. The Plaintiff, DOUGLAS BRACE, pursuant to Rule 1.130(b) Fla. R.Civ.P, hereby incorporates paragraphs 1 - 3 and 5 as though fully pled in Count II.

15. Defendant, JAN PETER BUKSAR, operated and maintained a motor vehicle on December 17, 2014, at approximately 3:45 p.m., in St. Augustine, St. Johns County, Florida, when it collided with the vehicle Plaintiff, DOUGLAS BRACE, was operating.

16. The Defendant, JAN PETER BUKSAR, owed other people traveling in the area, including the Plaintiff, the duty to exercise reasonable care in the operation and/or maintenance of the motor vehicle so as to avoid foreseeable risk of causing property damage to the Plaintiff's vehicle.

17. As a direct and proximate cause of Defendant, JAN PETER BUKSAR's negligence, Plaintiff, DOUGLAS BRACE's Plaintiff's automobile was damaged, he lost or will lose the use of it during the period required for its repair or replacement, and he has suffered diminution in value

-3-

of his vehicle.

**WHEREFORE**, Plaintiff, DOUGLAS BRACE, demands judgment against Defendant, JAN PETER BUKSAR, for these property damages in an amount in excess of $15,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

## COUNT III
## DOUGLAS BRACE v. STATE FARM

18. The Plaintiff, DOUGLAS BRACE, pursuant to Rule 1.130(b) Fla. R.Civ.P, hereby incorporate paragraphs 1 - 6 as though fully pled in Count III.

19. At all times relevant hereto, DOUGLAS BRACE, was insured with several policies of automobile insurance through the Defendant, STATE FARM . The subject policies included uninsured motorist coverage for bodily injury in the total amount of $100,000.00 per person/ $300,000 per incident, pursuant to insurance policy numbers ▓▓▓▓▓▓ and ▓▓▓▓▓▓ Two letters from the Defendant, dated February 10, 2015, confirming coverage with the subject insurance policies are attached as composite Exhibit "A".

20. At all time relevant hereto, IRENA BUKSAR and JAN PETER BUKSAR, were uninsured as defined under Florida Statute 627.727 and in the insurance contracts DOUGLAS BRACE had with STATE FARM.

21. Defendant, STATE FARM, is obligated to pay DOUGLAS BRACE for his damages pursuant to Florida law and under the terms and conditions of the uninsured motorist coverage provided within the automobile policies in question.

22. The Defendant, STATE FARM, was notified of Plaintiff's loss and is obligated to pay uninsured motorist benefits to the Plaintiff under the subject policies.

23.     The Defendant, STATE FARM, has unjustifiably refused to honor its contractual obligations by failing to pay the uninsured motorist benefits owed to the Plaintiff.

24.     The Plaintiff is entitled to the recovery of $100,000.00 per person in uninsured motorist coverage due to the subject motor vehicle crash.

25.     Plaintiff has complied with all the terms and conditions precedent to entitlement to uninsured motorist benefits under the subject policies.

26.     As a proximate result of an uninsured driver's and uninsured owner's negligence, Plaintiff, DOUGLAS BRACE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money in the future. The losses are either permanent or continuing in nature and she will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, DOUGLAS BRACE, demands judgment against Defendant, STATE FARM, for damages in an amount in excess of $15,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

## COUNT IV
## MICHELLE PERRY v. STATE FARM

27.     The Plaintiff, MICHELLE PERRY, pursuant to Rule 1.130(b), Fla.R. Civ. P., hereby incorporates paragraphs 1-26 as though fully pled in Count IV.

28.     At all material times, the Plaintiff, MICHELLE PERRY, was the lawful wife of the Plaintiff, DOUGLAS BRACE, and resided with him.

29.     Defendant, STATE FARM is, therefore, obligated to pay MICHELLE PERRY for the damages she sustained due to the injuries of her husband, pursuant to Florida law and under the

terms and conditions of the uninsured motorist coverage provided within the automobile policies in question.

30. As a direct and proximate result of an uninsured driver's and uninsured owner's negligence, Plaintiff, MICHELLE PERRY, has lost the care, comfort, companionship and consortium of the Plaintiff, DOUGLAS BRACE and will suffer these losses in the future.

WHEREFORE, Plaintiff, MICHELLE PERRY, demands judgment against the Defendant, STATE FARM, in an amount in excess of $15,000.00, costs of this action, a trial by jury of all issues so triable, and any other relief this Court deems just and proper.

## COUNT V
## DOUGLAS BRACE - DECLARATORY JUDGMENT TO DETERMINE LIABILITY AND TOTAL AMOUNT OF DAMAGES

31. The Plaintiff, DOUGLAS BRACE, pursuant to Rule 1.130(b) Fla.R.Civ.P, hereby incorporate paragraphs 2-26 as though fully pled in Count V.

32. This is an action for declaratory relief pursuant to §86.011-86.111 et. seq., Florida Statutes, within the jurisdictional limits of this Court.

33. Plaintiff, DOUGLAS BRACE, is in doubt about the apportionment of liability, if any, and the total amount of his damages as a result of the motor vehicle crash, due to the position put forth by the Defendant, STATE FARM.

34. Plaintiff's statutory right to prosecute a claim for bad faith pursuant to section 624.155, Florida Statutes, is dependant, in part, upon the determination of liability and total damages as a result of the motor vehicle crash.

35. There exists a bona fide, actual, present practical need for a determination of liability for the motor vehicle crash and the total amount of damages suffered by Plaintiff as the result of the motor vehicle crash.

36. Extensive discovery will be done on the issues of liability and damages in the instant action, pursuant to the claims raised in Count III., and those efforts will be wasted unless a final, appealable judgment is entered conclusively determining liability and the total amount of damages suffered by Plaintiff as a result of the subject motor vehicle crash.

37. A declaratory judgment will provide Defendant, STATE FARM, with a final judgment on liability and damages and the opportunity to appeal the amount of the total damages in excess of the policy limits.

**WHEREFORE**, Plaintiff, DOUGLAS BRACE, requests that this Honorable Court accept jurisdiction and enter a declaratory judgment finding and determining liability and the total amount of damages suffered by Plaintiff as a result of the motor vehicle crash, including pre and post judgment interest, costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

### COUNT VI
### MICHELLE PERRY - DECLARATORY JUDGMENT TO DETERMINE LIABILITY AND TOTAL AMOUNT OF DAMAGES

38. The Plaintiff, MICHELLE PERRY, pursuant to Rule 1.130(b) Fla.R.Civ.P, hereby incorporate paragraphs 2-37as though fully pled in Count VI.

39. This is an action for declaratory relief pursuant to §86.011-86.111 et. seq., Florida Statutes, within the jurisdictional limits of this Court.

40. Plaintiff, MICHELLE PERRY, is in doubt about the apportionment of liability, if any, and the total amount of her damages as a result of the motor vehicle crash, due to the position put forth by the Defendant, STATE FARM.

41. Plaintiff's statutory right to prosecute a claim for bad faith pursuant to section 624.155, Florida Statutes, is dependant, in part, upon the determination of liability and total damages

-7-

as a result of the motor vehicle crash.

42. There exists a bona fide, actual, present practical need for a determination of liability for the motor vehicle crash and the total amount of damages suffered by Plaintiff as the result of the motor vehicle crash.

43. Extensive discovery will be done on the issues of liability and damages in the instant action, pursuant to the claims raised in Count IV, and those efforts will be wasted unless a final, appealable judgment is entered conclusively determining liability and the total amount of damages suffered by Plaintiff as a result of the subject motor vehicle crash.

44. A declaratory judgment will provide Defendant, STATE FARM, with a final judgment on liability and damages and the opportunity to appeal the amount of the total damages in excess of the policy limit.

**WHEREFORE**, Plaintiff, MICHELLE PERRY, requests that this Honorable Court accept jurisdiction and enter a declaratory judgment finding and determining liability and the total amount of damages suffered by Plaintiff as a result of the motor vehicle crash, including pre and post judgment interest, costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

## COUNT VI
## DOUGLAS BRACE - VIOLATIONS OF FLA. STAT. §624.155

45. The Plaintiff, DOUGLAS BRACE, pursuant to Rule 1.130(b) Fla. R.Civ.P, hereby incorporates paragraphs 1-26 as though fully pled in Count VI.

46. This claim will ripen upon the determination by the Court or by confession of a judgment by Defendant that Plaintiff is entitled to the limits of uninsured motorist benefits under the policies.

47. Plaintiff timely reported the claim to Defendant and otherwise complied with all of his obligations under the contracts.

48. On January 4, 2016, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance and served a copy of the CRN upon Defendant, STATE FARM. A copy of the CRN is attached hereto as Exhibit "B".

49. As a result of the injuries caused by the negligence of the uninsured motorist and the relationship between the parties under the policies, Defendant, STATE FARM, owed a duty to Plaintiff to attempt in good faith to settle Plaintiff's uninsured motorist claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interests. Defendant, STATE FARM further owed to Plaintiff a duty to refrain from engaging in unfair claim settlement practices.

50. The Defendant, STATE FARM, breached its duties to Plaintiff, in violation of section 624.155, Florida Statutes, by:

    a. failing to attempt, in good faith, to settle Plaintiff's uninsured motorist claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff's interests, who was an insured, in violation of section 624.155(1)(b)(1), Florida Statutes;

    b. failing to properly train adjusters and claims personnel;

    c. placing its own financial interests before that of Plaintiff;

    d. engaging in unfair claims settlement practices in violation of section 626.9541(1) (i)3 a, b, c, d, and f, Florida Statutes. Specifically, Defendant, STATE FARM:

        I. failed to adopt and implement standards for the proper investigation of claims, including coverage;

    ii.    misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

    iii.    failed to acknowledge and act promptly upon communications with respect to Plaintiff's uninsured motorist claim, including its failure to properly respond to Plaintiff's multiple written requests for coverage information and demands for payment of all uninsured motorist benefits under the Policies;

    iv.    denied Plaintiff's uninsured motorist claim without conducting a reasonable investigation based on the available information, even disregarding Plaintiff's repeated offers to assist Defendant, STATE FARM, in its investigation;

    v.    failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its lack of any offer of settlement and eventual decision to deny coverage; and

51. The acts complained of herein constituted Defendant, STATE FARM'S, general business practices in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by Defendant, STATE FARM, to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

52. As a direct and proximate result of Defendant, STATE FARM'S, actions and/or inactions as set forth above, Plaintiff has been damaged.

53. Defendant, STATE FARM, failed to cure its bad faith and more than sixty (60) days has passed since the filing and service date of the CRN.

54. As a result of Defendant, STATE FARM'S, failure to act in good faith and statutory

violations alleged above, Plaintiff is entitled to recover the total amount of his damages pursuant to section 627.727(10), Florida Statutes, including all damages suffered as a result of the Crash and all damages caused by Defendant's failure to act in good faith and statutory violations alleged above.

55. Defendant, STATE FARM'S, violation of section 624.155, Florida Statutes has caused damages to Plaintiff of interest on unpaid benefits, pre-judgment interest accrued since the date of Defendant's violation; attorneys' fees incurred by Plaintiff in the prosecution of his claim for uninsured motorist benefits and pre-judgment interest thereon; costs incurred in the prosecution of Plaintiff's claim for uninsured motorist benefits, including expert witness fees; costs incurred in the prosecution of Plaintiffs claim for violation of section 624.155, Florida Statutes; post-judgment interest.

56. As a further direct and proximate result of Defendant, STATE FARM'S, failure to act in good faith and statutory violations alleged above, Plaintiff had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorneys' fees to bring this action and recover the excess damages owed by Defendant, STATE FARM. By operation of law, including section 627.428, Florida Statutes, the Defendant will be obligated to pay those fees upon the successful conclusion of Plaintiff's claim.

57. All conditions precedent to Plaintiff's rights to bring this action have occurred or have been satisfied.

WHEREFORE, Plaintiff demands judgment against Defendant, STATE FARM, for the total damages suffered by Plaintiff, pre and post-judgment interest, attorneys' fees pursuant to sections 624.155, 627.727(10), and 627.428, Florida Statutes, costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

## COUNT VII
## MICHELLE PERRY - VIOLATIONS OF FLA. STAT. §624.155

58. The Plaintiff, MICHELLE PERRY, pursuant to Rule 1.130(b) Fla. R.Civ.P, hereby incorporates paragraphs 1-30 as though fully pled in Count VII.

59. This claim will ripen upon the determination by the Court or by confession of a judgment by Defendant that Plaintiff is entitled to the limits of uninsured motorist benefits under the policies.

60. Plaintiff timely reported the claim to Defendant and otherwise complied with all of her obligations under the contracts.

61. On January 4, 2016, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance and served a copy of the CRN upon Defendant, STATE FARM. A copy of the CRN is attached hereto as Exhibit "C".

62. As a result of the injuries caused by the negligence of the uninsured motorist and the relationship between the parties under the policies, Defendant, STATE FARM, owed a duty to Plaintiff to attempt in good faith to settle Plaintiff's uninsured motorist claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interests. Defendant, STATE FARM further owed to Plaintiff a duty to refrain from engaging in unfair claim settlement practices.

63. The Defendant, STATE FARM, breached its duties to Plaintiff, in violation of section 624.155, Florida Statutes, by:

    a. failing to attempt, in good faith, to settle Plaintiff's uninsured motorist claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff's interests, who was an insured,

-12-

    in violation of section 624.155(1)(b)(1), Florida Statutes;

  b. failing to properly train adjusters and claims personnel;

  c. placing its own financial interests before that of Plaintiff;

  d. engaging in unfair claims settlement practices in violation of section 626.9541(1) (i)3 a, b, c, d, and f, Florida Statutes. Specifically, Defendant, STATE FARM:

    i. failed to adopt and implement standards for the proper investigation of claims, including coverage;

    ii. misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

    iii. failed to acknowledge and act promptly upon communications with respect to Plaintiff's uninsured motorist claim, including its failure to properly respond to Plaintiff's multiple written requests for coverage information and demands for payment of all uninsured motorist benefits under the Policies;

    iv. denied Plaintiff's uninsured motorist claim without conducting a reasonable investigation based on the available information, even disregarding Plaintiff's repeated offers to assist Defendant, STATE FARM, in its investigation;

    v. failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its lack of any offer of settlement and eventual decision to deny coverage; and

  64. The acts complained of herein constituted Defendant, STATE FARM'S, general business practices in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by Defendant, STATE FARM, to be in conformity with what

-13-

it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

65. As a direct and proximate result of Defendant, STATE FARM'S, actions and/or inactions as set forth above, Plaintiff has been damaged.

66. Defendant, STATE FARM, failed to cure its bad faith and more than sixty (60) days has passed since the filing and service date of the CRN.

67. As a result of Defendant, STATE FARM'S, failure to act in good faith and statutory violations alleged above, Plaintiff is entitled to recover the total amount of her damages pursuant to section 627.727(10), Florida Statutes, including all damages suffered as a result of the Crash and all damages caused by Defendant's failure to act in good faith and statutory violations alleged above.

68. Defendant, STATE FARM'S, violation of section 624.155, Florida Statutes has caused damages to Plaintiff of interest on unpaid benefits, pre-judgment interest accrued since the date of Defendant's violation; attorneys' fees incurred by Plaintiff in the prosecution of her claim for uninsured motorist benefits and pre-judgment interest thereon; costs incurred in the prosecution of Plaintiff's claim for uninsured motorist benefits, including expert witness fees; costs incurred in the prosecution of Plaintiffs claim for violation of section 624.155, Florida Statutes; post-judgment interest.

69. As a further direct and proximate result of Defendant, STATE FARM'S, failure to act in good faith and statutory violations alleged above, Plaintiff had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorneys' fees to bring this action and recover the excess damages owed by Defendant, STATE FARM. By operation of law, including section 627.428, Florida Statutes, the Defendant will be obligated to pay those fees upon the successful conclusion of Plaintiff's claim.

-14-

70.     All conditions precedent to Plaintiff's rights to bring this action have occurred or have been satisfied.

WHEREFORE, Plaintiff demands judgment against Defendant, STATE FARM, for the total damages suffered by Plaintiff, pre and post-judgment interest, attorneys' fees pursuant to sections 624.155, 627.727(10), and 627.428, Florida Statutes, costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

DATED this ⎣4⎦ day of May, 2016.

        COKER, SCHICKEL, SORENSON, POSGAY,
        CAMERLENGO & IRACKI, P.A.

        _____
        MATTHEW N. POSGAY, ESQUIRE
        **Florida Bar No. 0046590**
        136 East Bay Street
        Jacksonville, Florida 32202
        (904) 356-6071
        (904) 353-2425 Facsimile
        Mposgay@cokerlaw.com (Primary)
        DAB@cokerlaw.com (Secondary)
        DAM@cokerlaw.com (Secondary)
        Attorney for Plaintiffs